

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 19, 1996

The Honorable Harvey Hilderbran
Chair
Committee on Human Services
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-373

Re: Whether a city is restricted from reannexing an area previously annexed and then disannexed under Local Government Code section 43.033 (RQ-805)

Dear Representative Hilderbran:

Local Government Code section 43.033 provides:

> (a) A general-law municipality may annex adjacent territory without the consent of any of the residents or voters of the area and without the consent of any of the owners of land in the area provided that the following conditions are met:
>
> > (1) the municipality has a population of 1,000 or more and is not eligible to adopt a home-rule charter;
> >
> > (2) the procedural rules prescribed by this chapter are met;
> >
> > (3) the municipality must be providing the area with water or sewer service;
> >
> > (4) the area does not include unoccupied territory in excess of one acre for each service address for water and sewer service;
> >
> > (5) the service plan requires that police and fire protection at a level consistent with protection provided within the municipality must be provided to the area within 10 days after the effective date of the annexation; and
> >
> > (6) the municipality and the affected landowners have not entered an agreement to not annex the area for a certain time period.
>
> (b) If, after one year but before three years from the passage of an ordinance annexing an area under this section, a majority of the landowners or registered voters in the area vote by petition submitted to the municipality for disannexation, the municipality shall immediately disannex the area. If the municipality disannexes the

area under this subsection, the municipality may discontinue providing the area with water and sewer service.[1]

We understand you to ask what legal restrictions, if any, prevent a city, after an area has been annexed under subsection (a) of section 43.033 but subsequently disannexed pursuant to voter or landowner vote under subsection (b), from simply annexing the area again under the subsection (a) provisions without the consent of the area's residents, voters, or landowners. In answer to your question, so long as the conditions for annexation set out in subsection (a) are met, we find nothing in section 43.033 or elsewhere that legally restricts the city from reannexing the area. The fact that the area had already been annexed under those provisions and subsequently disannexed under subsection (b) does not, in our opinion, in itself limit the city's authority to annex the area again under subsection (a).

We note that the legislature, in other contexts, has expressly imposed restrictions on a city's reannexing an area after its disannexation. Section 43.141 of the Local Government Code specifically provides that an area disannexed under that section because of the city's failure to provide services may not be reannexed within five years. We can only conclude that had it intended to impose such restrictions in the section 43.033 context it would have specifically so indicated. We find no such restrictions. Nor do we find any constitutional limitations as a matter of law on a city's annexing an area under section 43.033 that had already been annexed and then disannexed under that section.[2]

---

[1]The provisions of section 43.033 were first added in 1991. Act of May 26, 1991, 72d Leg., R.S., ch. 904, 1991 Tex. Gen. Laws 3239. Subsection (a)(3) was amended in 1993 to read "water or sewer service" instead of "water and sewer service." Act of May 3, 1993, 73d Leg., R.S., ch. 208, 1993 Tex. Gen. Laws 395.

The bill analysis to the bill adding section 43.033 indicates that the "procedural rules prescribed by this chapter" which must, under subsection (a)(2), be met in section 43.033 annexations, are those set out in subchapter C of chapter 43, and include notice and hearing requirements, Local Gov't Code §§ 43.052 (requirements for preparation of service plan for provision of services to annexed area), .055 (maximum amount of annexation each year), .056 (limitations on area annexed each year). House Comm. on Urban Affairs, Bill Analysis, H.B. 985, 72d Leg., R.S. 1 (1991).

[2]We note, however, that each annexation and disannexation would, as a change affecting voting, appear to also require preclearance from the United States Justice Department under the Voting Rights Act, 42 U.S.C § 1973c.

## S U M M A R Y

The fact that an area adjacent to a city has already been annexed and then, pursuant to landowner or voter petition, disannexed under the provisions of Local Government Code section 43.033, does not in itself limit the city's authority to annex the area again under that section. The city may reannex the area so long as the conditions for annexation set out in the section are met.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General